FILED
SUPERIOR COURT
OF GUAM

2013 AUG -9 PM 4: 38

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM, ) CRIMINAL CASE NO. CM119-13
 )
 )
vs. )
 )
 )
JAMES K. APANA, )
 ) **DECISION AND ORDER**
Defendant. ) (Motion to Dismiss for Civil
 ) Compromise)
_____ )
SAVERA MARIE MENDIOLA )
GUERRERO, )
 )
 )
Defendant. )
 )
_____ )

## INTRODUCTION

This matter comes before the Honorable Judge Michael J. Bordallo on Defendants' Motion to Dismiss for Civil Compromise. Defendant Savera Marie Mendiola Guerrero ("Defendant Savera") is represented by Assistant Public Defender Maria G. Fitzpatrick. Defendant James K. Apana ("Defendant James") is represented by Assistant Alternate Public Defender Eric R. Overton. The People of Guam ("The People") are represented by Assistant Attorney General Sean E. Brown. Having reviewed the memorandum and papers presented, the court now issues the following decision conditionally GRANTING Defendants' Motion to Dismiss.

## BACKGROUND

On January 20, 2013, a Complaint was filed charging each Defendant with one count of Family Violence (As a Misdemeanor) and one count of Assault (As a Misdemeanor). As with all crimes, Defendants were charged based upon the facts presented in a police report

*People v. Apana; People v. Mendiola*
Decision and Order (Motion to Dismiss for Civil Compromise)
Criminal Case No. CM0119-13

submitted to the Attorney General's Office following their arrest. The Complaint arises out of an alleged altercation between Defendants, who were boyfriend and girlfriend. Declaration of Nicholas B. Barrett at 1. Defendant Savera told police that she had been in an argument with her boyfriend, Defendant James. *Id.* During the argument, Defendant Severa claimed that Defendant James bumped his chest against her several times. *Id.* Defendant Severa claimed she responded by slapping him in the face, and Defendant James then threw her to the ground, at which point, a bystander came to her aid. *Id.*

Defendant James told police the argument became physical, when Defendant Savera punched him in the face twice. *Id.* Defendant James claimed he grabbed Defendant Severa's hands, and they struggled to the ground. *Id.* Defendant James claimed that Defendant Severa head-butted him after she splashed him with drinking water. *Id.* Defendant Severa denied head-butting him. *Id.*

Defendant Severa filed Motion for Civil Compromise and Memorandum of Points and Authorities ("Motion") on March 27, 2013. The People filed People's Opposition to Motion to Dismiss Due to Civil Compromise ("Opposition") on April 10, 2013. Defendant James joined in Defendant Severa's Motion and filed Motion of Joinder with Motions Filed by Co-Defendant on May 1, 2013.

## DISCUSSION

Defendants argue the criminal charges against them should be dismissed, because they have reached a civil compromise pursuant to Title 8 GCA § 80.90. Section 80.90 provides:

**§ 80.90. Misdemeanors May be Compromised; Procedure.**

(a)     When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by this Section.

*People v. Apana; People v. Mendiola*
Decision and Order (Motion to Dismiss for Civil Compromise)
Criminal Case No. CM0119-13

(b)    If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.

(c) A dismissal under this Section is a bar to another prosecution for the same offense.

8 GCA § 80.90 (2013).

Defendants contend that they have worked things out and do not want to pursue this case and have waived restitution. Motion at 2. The People oppose the motion and argue Defendants, who are also victims in this case, will not receive satisfaction for their injuries as required by law. Opposition at 3. The People argue both Defendants do not desire compensation for their injuries, and this case does not meet the requirements of civil compromise. *Id.*

Guam law does not explicitly state the above statute is inapplicable to crimes of violence, but civil compromise is typically limited to cases involving monetary restitution for property damage. The current facts involve two Defendants who are accused of engaging in acts akin to mutual combat or accused of assaulting one another, making the question of restitution problematic. But the Court's position is reconciliation between Defendants and treatment meet the statutory requirement that victims receive "satisfaction for the injury" as stated in 8 GCA § 80.90(b).

The Court looks to California for guidance, as its law served as the basis for Guam's civil compromise statute. California law prohibits the application of civil compromise to cases involving family violence. California's statute states:

When the person injured by an act constituting a misdemeanor has a remedy by a civil action, the offense may be compromised, as provided in Section 1378, **except** when it is committed as follows:

*People v. Apana; People v. Mendiola*
Decision and Order (Motion to Dismiss for Civil Compromise)
Criminal Case No. CM0119-13

(a) By or upon an officer of justice, while in the execution of the duties of his or her office.

(b) Riotously.

(c) With an intent to commit a felony.

(d) In violation of any court order as described in Section 273.6 or 273.65.

(e) **By or upon any family or household member, or upon any person when the violation involves any person described in Section 6211 of the Family Code or subdivision (b) of Section 13700 of this code.**

(f) Upon an elder, in violation of Section 368 of this code or Section 15656 of the Welfare and Institutions Code.

(g) Upon a child, as described in Section 647.6 or 11165.6.

Cal. Pen. Code § 1377 (emphasis added).

The Court notes that Guam law does not explicitly prohibit civil compromise in family violence cases. The Court also notes this Court has consistently denied requests for civil compromise in cases involving family violence, where it is alleged that one party is the perpetrator. These decisions, however, do not limit this Court's ability to grant civil compromise in family violence cases, which involve situations akin to mutual combat. In family violence cases, the Court will only consider and grant a dismissal due to civil compromise where there are no serious injuries or allegations of serious misconduct, such as strangulation. This case is eligible for civil compromise, as the allegations are akin to mutual combat, and there does not appear to be any serious misconduct.

With that said, this Court will apply a three-factor test to determine whether to dismiss this case. When considering whether to dismiss a misdemeanor criminal prosecution under the civil compromise statute, three factors are relevant: (1) whether the civil injury is coextensive with the criminal violation, (2) whether the circumstances, such that through private settlement, the injury to the public is fully vindicated, and (3) whether a victim's settlement agreement is voluntary. *See People v. Moulton*, 131 Cal.App3d Supp. 10, 21-22 (Cal.Super.1982).

*People v. Apana; People v. Mendiola*
Decision and Order (Motion to Dismiss for Civil Compromise)
Criminal Case No. CM0119-13

In the present case, Defendants were both charged with one count of Family Violence (As a Misdemeanor) and one count of Assault (As a Misdemeanor). First, there are civil remedies for both family violence and assault. *Id.* at 21. Thus, the civil injury is coextensive with the criminal violation. Additionally, the injuries Defendants' suffered were not serious, did not appear to require medical treatment, and the dispute involved a situation akin to mutual combat, as there is not a clear perpetrator and victim. Therefore, the Court believes that through reconciliation and treatment, the injury to the public is fully vindicated. *Id.* at 22. Finally, Defendants claim they have reached an understanding, and the Court does not find any evidence to the contrary. *Id.* Defendants claim they have worked things out and have waived restitution.

Finally, the Court will only grant the Motion on the condition both parties agree to be assessed and complete any recommended treatment by Client Services and Family Counseling ("Client Services").

## CONCLUSION

Based on the foregoing, the Court conditionally **GRANTS** Defendants' Motion to Dismiss for Civil Compromise. Defendants are ordered to be assessed by Client Services and must complete any treatment recommended by Client Services. Further proceedings are set for *Aug. 20, 2013. at 9:00am*

**SO ORDERED**, this ___*9th*___ day of August, 2013.

_____
**HONORABLE MICHAEL J. BORDALLO**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

AUG 09 2013

Edna M. Nego
Deputy Clerk, Superior Court of Guam

*People v. Apana; People v. Mendiola*
Decision and Order (Motion to Dismiss for Civil Compromise)
Criminal Case No. CM0119-13